**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4165**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SIXTO ESPINOZA-BARRETO, a/k/a Sixto Barreto-
Espinoza,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.   James A. Beaty, Jr.,
District Judge.  (CR-04-393)

———————

Submitted:  April 24, 2006              Decided:  May 9, 2006

———————

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Bryan Gates, Winston-Salem, North Carolina, for Appellant.  Angela
Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro,
North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Sixto Espinoza-Barreto pled guilty to reentry by a deported alien, in violation of 8 U.S.C. §§ 1326(a), (b)(2) (2000). In February 2005, the district court sentenced Espinoza-Barreto to sixty-eight months' imprisonment and three years' supervised release. In his appeal, filed pursuant to Anders v. California, 386 U.S. 738 (1967), counsel for Espinoza-Barreto claims that the sentence was disproportionate to the offense committed, in violation of the Eighth Amendment; that the sentence was unreasonable, in light of United States v. Booker, 543 U.S. 220 (2005); and that the fact of a prior conviction, which was used to enhance Espinoza-Barreto's sentence, was not proven beyond a reasonable doubt, in violation of the Sixth Amendment. The Government elected not to file a brief. Although informed (in English and Spanish) of his right to file a pro se brief, Espinoza-Barreto has not done so.

Three factors are considered in conducting a proportionality review: (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. United States v. Kratsas, 45 F.3d 63, 66 (4th Cir. 1995) (quoting Solem v. Helm, 463 U.S. 277, 292 (1983)). We find that Espinoza-Barreto's sentence, which is well below the statutory maximum of twenty

years' imprisonment, see 8 U.S.C. § 1326(a) (2000), and within the range advised by the United States Sentencing Guidelines, withstands a proportionality analysis.

Further, the sentence is reasonable. After Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id.; see United States v. Green, 436 F.3d 449 (4th Cir. 2006). Post-Booker, a sentence will be affirmed if it is within the statutorily prescribed range and is reasonable. Id. at 546-47. In addition, "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable range." United States v. White, 405 F.3d 208, 219 (4th Cir. 2005). "[A] sentence imposed within the properly calculated Guidelines range . . . is presumptively reasonable." Green, 436 F.3d at 457 (internal quotation marks and citation omitted). Here, the record is clear that the district court calculated and considered both the guideline range and the § 3553(a) factors. Espinoza-Barreto has

not rebutted the presumption that the district court imposed a reasonable sentence.

Counsel's final issue is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). In Almendarez-Torres, 523 U.S. at 233-35, the Supreme Court held that the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. Although the opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000), expressed some uncertainty regarding the future vitality of Almendarez-Torres, we have subsequently concluded that Almendarez-Torres was not overruled by Apprendi, and remains the law. See United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir. 2005).

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Espinoza-Barreto's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED